Laura S. Fletcher v. Commissioner.
Fletcher v. Commissioner
Docket No. 5399-68.
United States Tax Court
T.C. Memo 1970-228; 1970 Tax Ct. Memo LEXIS 129; 29 T.C.M. (CCH) 981; T.C.M. (RIA) 70228; August 11, 1970, Filed Laura S. Fletcher, pro se, 9070 Imperial Highway, Apt. 18, Downey, Calif.Michael J. Christianson, for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a deficiency in the income tax of petitioner for the taxable year 1967 in the amount of $322.98. At issue is whether petitioner may deduct amounts in excess of those allowed by the Commissioner in respect of her claimed deductions for: (1) contributions to her church; (2) a bad debt; (3) a casualty loss; and (4) the cost of a typewriter used in her trade or business. The petitioner is Laura S. Fletcher. She resided in Downey, California, at the time she filed her petition herein. She filed *130 an individual Federal income tax return for the year 1967 with the district director of internal revenue, Los Angeles, California. The issues presented herein are entirely factual, and, the burden of proof with respect to the deductions claimed is on the petitioner. Welch v. Helvering, 290 U.S. 111. We will consider the petitioner's claims in order. 1. Petitioner claimed a deduction of $500 for contributions to the Christian Science Church. The Commissioner allowed a total of $325 in respect of this amount, including an allowance of $75 for the use of petitioner's automobile in connection with her church. Petitioner testified that she made weekly donations to the church ranging in amount from a low of $3 per week to a high of $25. However, she was absent from church on some weeks, and her larger contributions generally took into account her absence of a prior week or weeks. Sometimes she made her donations by check, and she had cancelled checks totaling $125 in respect of her donations in the year in issue. She kept no records of the amounts given in the form of cash contributions and her claimed deduction of $500 for the year was based only on an estimate by her *131 that she contributed an average of $10 per week. In his determination, the Commissioner allowed a deduction of twice the amount of the cancelled checks, namely, $250, plus $75 for charitable use of her automobile, or a total of $325. On this record we cannot find that he erred in respect of this item, and indeed his action appears to have been entirely reasonable. We find as a fact that petitioner's total contributions to her church in 1967 did not exceed $325. 2. Petitioner seeks a bad debt deduction, disallowed by the Commissioner, in the amount of $550, based upon a loan made by her during March, 1967, to her eldest son who was then about 42 years old and who needed the money in an "emergency" of an undisclosed nature. Though petitioner expected the amount to be repaid, no time limit was set for repayment nor has petitioner pressed him for repayment. Her son is an engineer and has been employed continuously since the time of the loan. The record fails to establish that the son is unable to make repayment. Petitioner still expects that the loan will be repaid and there is nothing in the record to indicate that it will not. She has failed to prove that the Commissioner erred in *132 denying a bad debt deduction in respect of this item. 3. Petitioner argues that the Commissioner erred in disallowing a deduction for a claimed casualty loss in the amount of $491.50. The alleged loss resulted from an automobile accident in which her car, a 1962 or 1963 Dodge Lancer which she had previously purchased second-hand, was totally destroyed while being driven by her grandson. Petitioner's insurance company valued her car at $675 and, after a "deductible" of $100, paid her $575 therefor. A short time before the accident petitioner had a new engine installed in the car at a cost of approximately $254. She replaced her wrecked automobile with another costing approximately $914. To compute the loss 983 claimed, petitioner added the cost of the new motor installed in the wrecked car to the cost of the new car, and deducted therefrom the value of her wrecked car as determined by the insurance company, $675. We do not accept petitioner's computation as to the loss in respect of her car. The amount allowable under the Code as a casualty deduction in the case of a total loss is the lesser of the fair market value of the property before the casualty or the adjusted basis *133 of the property at the time of loss. Regs. section 1.165-7(b)(1)(i) and (ii); see Regs. section 1.165-7(b)(3), Example 1. The loss deduction is permitted only for amounts exceeding $100. Section 165(c)(3), I.R.C. 1954. Here, petitioner's car was valued at $675 by her insurance company and she received $575 from it for the wrecked car apparently without contesting the amount. No evidence was produced to show that the fair market value of her car immediately before the accident exceeded $675, notwithstanding that petitioner had a new engine installed in her car shortly before the accident. Further, the cost of her new car has no bearing on the fair market value of the wrecked car. Since she received $575 for her car from her insurance company, it is clear that she did not suffer a deductible loss in excess of $100 as is required by the statute. 4. Finally, petitioner claimed a deduction for the cost of a typewriter in the amount of $300.61 which she uses in her trade or business. The Commissioner ruled that the cost of the typewriter is a capital expenditure which must be spread over its useful life of 10 years. He accordingly disallowed a deduction for the cost of the typewriter as *134 an expense, but allowed depreciation in respect thereof. We agree with the Commissioner. It is clear that the typewriter has a useful life longer than one year and petitioner has produced no evidence to suggest that its useful life is less than the 10 years determined by the Commissioner. We can find no error in his determination in connection with this item. Decision will be entered for the respondent.